## HENRY DOPMAN, Respondent, v. JACOB HOBERLIN, Appellant.

The plaintiff introduced two witnesses, to prove the value of his services in going twice to Europe to negotiate the purchase of an estate, etc.; but it was not shown that he undertook these voyages at the request of the defendant, or in what capacity he went. *Held*, that the Court erred in admitting the testimony, as the question was hypothetical, and assumed a state of facts not in proof.

APPEAL from the Superior Court of the City of San Francisco.

*Hiram C. Clarke*, for Appellant.

The Court erred in admitting the testimony to prove the value of the plaintiff's services. 1 Stark on Ev., 123. People v. Mather, 4 Wend., 248. 1 Cow. & Hill's Notes to Ph. on Ev., 734.

The admission of this testimony misled the jury, and is ground for a new trial. Meyers v. Malcom, 6 Hill, 292. Osgood v. Manhattan Co., 3 Cow., 612. Strong v. Whitehead, 12 Wend., 64.

*Lockwood, Tyler* and *Wallace*, for Respondent.

To the point of the admission of the testimony, cited no authorities.

MURRAY, C. J., delivered the opinion of the Court. BRYAN, J., concurred.

This was a suit, instituted in the Court below, to recover the value of the plaintiff's services, as agent of the defendant in the management of an estate in California.

On the trial of the cause, the plaintiff introduced two witnesses, to prove the value of his services in going twice to Europe, to negotiate the purchase of the estate, etc. It was not shown, that the plaintiff had undertaken these voyages at the request of the defendant; or in what capacity he went. The question was hypothetical, and assumed a certain state of facts not in proof. As this was one of the principal items of the plaintiff's demand, it must result that this testimony induced part of the verdict rendered by the jury.

The Court below, in delivering its opinion upon the motion for a new trial, admits that the question thus asked, is objectionable, both in form and substance; but seems to think it admissible, by a misapprehension of the decision of this Court, in the case of Innis v. The Steamer Senator, 1 Cal., 459. An examination of that case, will show that there is no analogy between it and the one before us, and that the question there asked of the witness was neither speculative or hypothetical.

For these reasons, the judgment is reversed and the cause remanded.